UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 08-402-KSF

LILLIAN N. WASHINGTON     PLAINTIFF

v. **OPINION & ORDER**

CITY OF GEORGETOWN, KAREN
TINGLE-SAMES, ROGER BLANKENSHIP,
TERRY THOMAS, JAMES L. BURGESS,
and JANICE WISE     DEFENDANTS

\* \* \* \* \* \* \* \* \* \*

Currently before the Court is the motion of the plaintiff, Lillian N. Washington, for leave to file her Fourth Amended Complaint [DE# 37] and motion for an extension of time to file her Fourth Amended Complaint [DE #38]. The defendants, the City of Georgetown, Karen Tingle-Sames, Roger Blankenship, Terry Thomas, James L. Burgess, and Janice Wise, oppose Washington's motions. This matter is ripe for review.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Washington, an African-American female, has been employed by the City of Georgetown as a Custodian in the Public Works Department since October 8, 1995. On March 2, 2005, Washington filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging that the City of Georgetown was discriminating against her on the basis of her race and that it had retaliated against her for engaging in protected activity during her employment. Washington and the City of Georgetown subsequently entered into a Conciliation Agreement on April 18, 2006. Since the effective date of the Conciliation Agreement, Washington alleges that the

defendants have violated the terms of the Conciliation Agreement and continued to discriminate against her.

As a result of these allegations, Washington filed an action in Scott County Circuit Court on September 3, 2008 against the following defendants: the City of Georgetown, Karen Tingle-Sams, in her official capacity as Mayor of the City of Georgetown, Rogell Blankenship, in his official capacity as Director of Human Resources of the City of Georgetown, Terry Thomas, in his official capacity as Director of the Public Works department, James L. Burgess, in his official capacity as the Building Inspector for the City of Georgetown, and Janice Wise, in her personal capacity and her official capacity as Administrative Secretary/Office Manager in the Department of Building Inspection [DE #1-3]. Generally, Washington alleged that the defendants violated the Kentucky Civil Rights Act, KRS § 344, *et seq.*, the Fifth and Fourteenth Amendments to the United States Constitution, the Kentucky Constitution, and the terms of the Conciliation Agreement. As a matter of right, on September 11, 2008 Washington filed her first amended complaint to add an additional claim under the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, based on a Notice of Right to Sue issued by the EEOC [DE #1-4]. Thereafter, the EEOC rescinded Washington's right to sue letter on September 17, 2008 [DE #1-5]. As a result, on September 24, 2008 Washington filed her second amended complaint which voluntarily dismissed her claims dependent upon the EEOC's right to sue letter [DE #1-5].

On October 1, 2008, the defendants removed the action to this court based on federal question jurisdiction, and filed their motion to dismiss and motion for abstention [DE ##1,2]. Then, on October 8, 2008, the United States Department of Justice notified Washington of her right to institute a civil action against the defendants pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, Title I of the Americans with Disabilities Act of 1990 (the

"ADA"), 42 U.S.C. § 12111, *et seq.*, and the Age Discrimination in Employment Act (the "ADEA"), 29 U.S.C. § 621, *et seq.* [DE #5-1, 5-2, 5-3]. The Court then entered the parties' Agreed Order granting Washington ten days to file an amended complaint, and granting the defendants ten additional days to renew their motion to dismiss and/or motion for stay/abstention [DE #4]. Washington timely filed a third amended complaint, including claims under Title VII, the ADA, and the ADEA. Washington's third amended complaint further notes that she was terminated from her employment as of November 7, 2008 [DE #5-4]. The defendants timely renewed their motion to dismiss pursuant to Rule 12(b)(6).

On March 3, 2009, the Court granted in part and denied in part the defendants' renewed motion to dismiss [DE #13]. Specifically, the Court dismissed all of Washington's claims against Wise in her personal capacity with the exception of her invasion of privacy claims based on Wise's alleged possession and publication of certain "other documents." The Court also denied without prejudice Washington's claims against the remaining defendants based on respondeat superior. All Washington's claims against the other defendants remain pending.

As a result, this matter proceeded into discovery. The Scheduling Order, as amended, required that all discovery be completed and that all motions to amend pleadings be filed by March 4, 2010. On March 3, 2010, Washington filed her motion for leave to file her fourth amended complaint [DE #37]. She seeks to add claims based on the Kentucky Whistleblower Act, KRS 61.101 *et seq.* and the Equal Pay Act, 29 U.S.C. § 206(d)(1). The defendants object to Washington's motion for leave to amend.

## II. MOTION TO AMEND STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend a pleading by leave of court and such leave "shall be freely given when justice so requires." In

determining whether to allow an amendment, this Court may consider the following factors: "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973). The Sixth Circuit has held: "Delay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Id.* (internal citations omitted).

### III. ANALYSIS

The defendants oppose Washington's motion on two grounds. First, the defendants argue that her claim based on the Kentucky Whistleblower's Act is not recognized by Kentucky law and thus it would be futile to amend. Second, the defendants argue that adding any claims at this late date would preclude them from seeking any discovery to learn the support for these new claims which are allegedly based on factual allegations not previously addressed in discovery.

While this Court has previously held in *Baker v. McDaniel*, Lexington Civil Action No. 07-379-KSF, that the Whistleblower Act is inapplicable to cities because the General Assembly's definition of employer in KRS 61.101(2) included the Commonwealth and its political subdivisions but leaves out municipalities, subsequent case law requires a different result here. In *Consolidated Infrastructure Mgmt. Auth. Inc. v. Allen*, 269 S.W.3d 852 (Ky. 2008), the Kentucky Supreme Court considered whether a municipality is a political subdivision for purposes of the Whistleblower Act. In *Allen*, the plaintiff, the former Safety Director of the Consolidated Infrastructure Management Authority ("CIMA") of the cities of Russellville and Auburn, sued after being fired after reporting numerous safety violations in the Auburn facility. The plaintiff had worked as Safety Director for the City of Russellville before the city joined with the City of Auburn to form CIMA. After his trial

and jury award in his favor, CIMA dissolved and was absorbed by the cities of Russellville and Auburn. The Kentucky Supreme Court held that his award, entered against the municipal corporation of CIMA, continued to be enforceable against the cities of Russellville and Auburn after CIMA dissolved. Thus, based on *Allen*, the Kentucky Whistleblower Act does apply to municipalities.

Washington's fourth amended complaint, however, has failed to allege any actions which fall within the purview of the Kentucky Whistleblower Act. The Kentucky Whistleblower Act protects anyone who in "good faith reports, discloses, divulges, or otherwise brings to the attention of . . . any facts or information." KRS 61.102. Washington, however, seeks protection under the Act based only upon the filing of this lawsuit and an Open Records Request. Thus, her fourth amended complaint fails to state a claim under the Kentucky Whistleblower Act thus making it futile to amend. To the extent that her fourth amended complaint seeks to add additional claims not previously raised, it is simply too late. The defendants would suffer substantial prejudice by allowing Washington to proceed on claims upon which little or no discovery has been taken.

For these reasons, the Court, being fully and sufficiently advised, hereby **ORDERS** that Washington's motions for leave to file her Fourth Amended Complaint [DE # 37 and 38] are hereby **DENIED**.

This September 29, 2010.



Signed By:

*Karl S. Forester* KSF

**United States Senior Judge**